PABLO PIÑA  D·28079
P.O. BOX 7500
CRESCENT CITY, CALIF  95531
    PRO-SE



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA.

PABLO PIÑA
   PLAINTIFF.

  V.

DOLORES A. CARR.
DISTRICT ATTORNEY.

JOYCE ALLEGRO DOUGHERTY.
DISTRICT ATTORNEY. DEPUTY.

ALLAN NUGLEMAN
FORMER DISTRICT ATTORNEY.

ROBERT L. DAVIS.
CHIEF OF POLICE SAN JOSE P.D.

    DEFENDANTS.

NO- **SI  (PR)**
CIVIL RIGHTS ACT
COMPLAINT.
42 U.S.C. §§ 1983.

## I.
### JURISDICTION AND VENUE

1). THIS IS A CIVIL ACTION AUTHORIZED BY 42 USC §§ 1983 TO SEEK RELIEF FOR THE DEPRIVATION UNDER COLOR OF STATE LAW, RIGHTS SECURED BY THE UNITED STATES FEDERAL CONSTITUTION.

**RECEIVED**

[····] 2·   2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THE COURT HAS JURISDICTION UNDER 28 USC §§ 1331 AND 1343 (A)(3). PLAINTIFF IS SEEKING DECLARATORY RELIEF PURSUANT TO 28 USC §§ 2201 AND 2202. AND ALSO THE RELIEF SOUGHT BY PRODUCTION OF DOCUMENTS AND EVIDENCE. PLAINTIFF DOES NOT SEEK MONETARY RELIEF. ONLY THAT THE COURT DECLARE THE PLAINTIFF'S CONSTITUTIONAL RIGHT TO RELIEF.

2). THE NORTHERN DISTRICT COURT OF CALIFORNIA IS THE APPROPRIATE VENUE AND JURISDICTION UNDER 28 USC §§ 1391 (B)-(2). AS IT IS WHERE THE CONSTITUTIONAL VIOLATION TOOK PLACE.

## II.
### PLAINTIFF

3). PLAINTIFF PABLO PIÑA D-28079, IS PRESENTLY AT PELICAN BAY STATE PRISON SERVING A LIFE SENTENCE FOR A CONVICTION WHICH WAS TAINTED WITH PERJURED TESTIMONY BY THE PROSECUTIONS WITNESSES.

## III.
### DEFENDANTS

4). DEFENDANT DOLORES A. CARR, DISTRICT ATTORNEY ELECT FOR SANTA CLARA COUNTY. WHO UNDER COLOR OF STATE LAW HAS DEPRIVED PLAINTIFF THE RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND THE FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSE.

5). DEFENDANT JOYCE ALLEGRO DOUGHERTY, DISTRICT ATTORNEY, WHO PROSECUTED PLAINTIFF USING TAINTED EVIDENCE FROM WITNESSES. WHILE IN HER POSSESSION SHE HAD TAPED EVIDENCE THAT PROVED THE WITNESSES WERE PERJURING THEM-

SELVES WHILE UNDER OATH, A VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS. AND A
VIOLATION WHILE UNDER COLOR OF STATE LAW. IN HER INDIVIDUAL CAPACITY AS WELL AS
IN HER OFFICIAL CAPACITY. AND KNEW THAT DEALS HAD BEEN MADE WITH THE WITNESSES
AND DID NOT DISCLOSE THIS.

6). DEFENDANT ALLAN NUDLEMAN. A FORMER DISTRICT ATTORNEY FOR SANTA CLARA
COUNTY WHO WHILE WORKING UNDER COLOR OF STATE LAW, KNEW THAT WITNESS'
CAROL OSWALD WAS AN INFORMANT. AND WHO TESTIFIED FOR HIM IN ONE OF HIS
CASES. AND DID NOT DISCLOSE THIS TO PLAINTIFF OR HIS ATTORNEY. AND WHO ALSO
KNEW THAT POLICE HAD SENT LARRY MEJIA OUT TO SET PLAINTIFF UP TO BE ARRESTED
RIGHT BEFORE THE ARREST IN THIS CASE.

7). DEFENDANT ROBERT L. DAVIS, THE CHIEF OF POLICE ELECT FOR THE SANJOSE POLICE
DEPARTMENT. WHILE WORKING FOR THE COUNTY OF SANTA CLARA UNDER COLOR OF
STATE LAW. HAS REFUSED TO PROVIDE PLAINTIFF WITH THE TAPED EVIDENCE AND OTHER
INFORMATION IN HIS RECORDS THAT PLAINTIFF REQUESTED FOR USE TO PROVE HIS
TRIAL WAS A FARCE AND TOTALLY TAINTED. POLICE HAVE IN THEIR FILES AN ARREST
OF LARRY MEJIA FOR ARMED ROBBERY, AND ASKED HIM TO SET PLAINTIFF UP FOR AN
ARREST AND THEY WILL RECOMMEND HE GETS NO PRISON TIME, AND FAILED TO
DISCLOSE THIS TO PLAINTIFF OR HIS ATTORNEY.

EACH AND EVERY DEFENDANT IS BEING SUED INDIVIDUALLY AND IN
HIS OR HER OFFICIAL CAPACITY. IN ALL TIMES MENTIONED IN THE COMPLAINT
EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

I DECLARE UNDER PENALTY OF PERJURY THE FOLLOWING IS TRUE AND
CORRECT.

RESPECTFULLY SUBMITTED.

DATED: 5/18/08

PRO-SE

1ST CAUSE OF ACTION

## IV.
## FACTS

8). PLAINTIFF WAS ARRESTED AND CHARGED WITH MURDER IN FEBRUARY 21 1984. IN SANTA CLARA COUNTY. SEE ABSTRACT OF JUDGMENT EXHIBIT 1 .

9). PLAINTIFF WAS APPOINTED A COURT APPOINTED LAWYER TONY CHRISTENSEN THAT HAD NEVER TRIED A MURDER CASE BEFORE.

10). THE ATTORNEY AFTER SOME ARGUMENT LET PLAINTIFF LISTEN TO TAPES TAKEN BY POLICE OF WITNESSES AND ALLEGED ACCOMPLICES. AND LET HIM READ THE POLICE REPORTS.

11). PLAINTIFF SAW IN THE POLICE REPORT THAT THE POLICE WHO SPOKE TO WITNESSES FIRST SAID. THEY WERE ALL UNDER THE INFLUENCE OF P.C.P. HE ALSO WROTE THAT ONE OF THE WITNESSES CRUZ. TOLD THE POLICE SHE DID NOT KNOW WHO PLAINTIFF IS. AND THE PLAINTIFF WAS NOT PRESENT AT THE CRIME SCENE.

12). THE POLICE REPORT FURTHER SAID THAT VELIA BASTARDO ANOTHER WITNESS TOLD POLICE THAT SHE DIDNT SEE OR HEAR ANYTHING BECAUSE SHE WAS ASLEEP IN A CAR.

13). IN YET ANOTHER INTERVIEW IT SAID CAROL OSWALD PLAINTIFF'S EX-GIRLFRIEND SAID PLAINTIFF HAD KILLED THE GUYS THAT RAPED HER. AND THAT SHE WAS REALLY UNDER THE INFLUENCE OF P.C.P. THE INTERVIEW HAD TO BE STOPPED ON VARIOUS OCCASIONS.

14). IT SHOULD BE NOTED THAT PLAINTIFF WAS NOT ARRESTED FOR THE CRIMES OSWALD WAS ORIGINALLY ACCUSING HIM OF. BUT FOR AN ENTIRELY DIFFERENT CRIME. BUT A MURDER IS JUST AS GOOD AS ANOTHER MURDER.

15). ALL THROUGH THE TAPES POLICE ARE HEARD TELLING THEY'RE WITNESSES WHAT LIKELY HAPPENED THAT NIGHT. AND THE WITNESSES ARE REPEATING IT.

16). WHEN PLAINTIFF ASKED HIS TRIAL LAWYER WHY THEY DON'T JUST PRESENT THE TAPES TO THE COURT AT THE PRELIMINARY HEARING THAT WOULD RESOLVE EVERYTHING, THE LAWYER SAID WE COULDN'T. THAT THE JUDGE WON'T ALLOW IT.

2ND CAUSE OF ACTION
PROSECUTION MISCONDUCT.

17). DEFENDANT ALLAN NUDLEMAN. WAS AT THE TIME A SUPERVISING DISTRICT ATTORNEY. HE WAS THE ONE THAT ASSIGNED CASES TO OTHERS. AND FILLED IN WHEN NEEDED. AS HE DID IN PLAINTIFF'S BAIL HEARING.

18). NUDLEMAN WAS ALWAYS TALKING WITH PLAINTIFF'S ATTORNEY ABOUT THE CASE. AND SAYING THAT PLAINTIFF BETTER TAKE A DEAL OR THEY COULD GIVE HIM THE DEATH PENALTY.

19). NUDLEMAN WAS CONCERNED ABOUT PLAINTIFF DOING SOMETHING TO THE WITNESSES. AT LEAST THATS WHAT HE TOLD THE COURT. AND ALWAYS TOLD TRIAL COUNSEL. EVEN THOUGH THE PLAINTIFF HAD DONE NOTHING, SAID NOTHING. BUT NUDLEMAN WOULD SEND THREATS TO PLAINTIFF THROUGH HIS ATTORNEY.

20). FINALLY PLAINTIFF TOLD TRIAL COUNSEL HE DON'T CARE WHAT THE DISTRICT ATTORNEY HAS TO SAY. AND THE ATTORNEY SHOULD NOT BE TALKING TO THEM SO MUCH ANYWAY. THEY'RE ON THE OTHER SIDE.

21). EVERYDAY THAT PLAINTIFF SPOKE TO HIS ATTORNEY HE WOULD TELL PLAINTIFF TO PLEAD GUILTY TO FIRST DEGREE MURDER.

22). PLAINTIFF LEARNED THAT OSWALD HAD TESTIFIED IN A TRIAL FOR NUDLEMAN. BUT NONE OF THIS WAS DISCLOSED TO PLAINTIFF OR HIS LAWYER. THAT OSWALD WAS AN INFORMANT AND WHY NUDLEMAN WAS ATTEMPTING TO COVER FOR HER.

23). NUDLEMAN AS A SUPERVISING PROSECUTOR HAD NOT TO DO WITH OSWALD RECIEVING A DEAL FROM THE DISTRICT ATTORNEY'S OFFICE. AND THIS WAS NOT DISCLOSED TO PLAINTIFF OR HIS ATTORNEY.

24). NUDLEMAN HAD TO OF HEARD THE TAPES AND KNEW THAT THE TESTIMONY BEING GIVEN AT TRIAL WAS PURJURED AND FALSE. AND DID NOTHING TO CORRECT IT.

25). THE SANJOSE POLICE ARRESTED AN INDIVIDUAL LARRY MEJIA FOR ARMED ROBBERY AND MADE A DEAL WITH HIM, THAT IF HE WAS LET OUT HE WOULD GO OUT AND SET PLAINTIFF UP SO POLICE COULD ARREST HIM. AND HE AGREED. THIS WAS IN 1983.

26). DEFENSANT NUDLEMAN KNEW ALL OF THIS BUT NEVER DISCLOSED ANY OF THIS TO THE DEFENSE.

3rd CAUSE OF ACTION
PROSECUTION MISCONDUCT.

27). DEFENDANT JOYCE ALLEGRO DOUGHERTY, WAS ASSIGNED TO PROSECUTE THE PLAINTIFF'S CASE, SHE HAD EIGHT TAPED INTERVIEWS OF POLICE TALKING WITH THE WITNESSES. THE DAY OF THE MURDER.

28). BUT CHOSE TO ONLY USE ONE TAPE WHICH WAS EDITED OR SOMETHING. THEY HAD THE JUDGE ORDER THE PARTS REMOVED WHICH CAROL OSWALD ORIGINALLY TOLD POLICE THAT THE PLAINTIFF HAD KILLED THE INDIVIDUALS WHO HAD RAPED HER AFTER PLAINTIFF GOT OUT OF PRISON THEY ALSO REMOVED THE PARTS HOW WE FIRST MET. AND THAT PLAINTIFF WAS A GANG MEMBER.

29). IN OTHER WORDS THEY DOCTORED THAT ONE TAPE SO IT FIT WITH THE PROSECUTION'S THEORY.

30). THE JURY NEVER HEARD THE REMAINING SEVEN TAPES BECAUSE THEY COULDN'T BE DOCTORED LIKE THAT OTHER ONE.

31). LIKE THE TAPED INTERVIEW WITH CRUZ. POLICE KEPT TELLING HER THAT SOME GUY NAMED PABLO WAS THERE AND HE SHOT AND KILLED MENDOZA. BUT CRUZ KEPT SAYING NO! THERE WAS NO GUY THERE. SHE DON'T KNOW ANY PABLO.

32). BUT AT TRIAL CRUZ TOLD THE JURY SHE SAW PLAINTIFF WITH A GUN. SAW HIM SHOOT THE VICTIM IN THE HEAD.

33). BUT WHAT THE JURY DIDN'T HEAR IS THAT IN ANOTHER TAPE A FRIEND OF THE VICTIM JOHN BALLESTERI TOLD A COMPLETELY DIFFERENT STORY ABOUT WHO CRUZ WAS. HER CHARACTER THAT WOULD MAKE HER NOT SO INNOCENT.

34). THAT FRIEND OF THE VICTIM CALLED POLICE SO IT WAS ON A TAPE, TELLING POLICE HE KNOWS WHO KILLED HIS FRIEND AND IT WASN'T THE PLAINTIFF.

35). THE WITNESS CRUZ WAS ARRESTED FOR KIDNAP ROBBERY IN SANFRANCISCO. BUT WAS QUICKLY RELEASED. THIS INFORMATION WAS NOT PROVIDED TO THE DEFENSE.

36). IT'S OBVIOUS THAT THE DISTRICT ATTORNEY COULD NOT HAVE THE STAR WITNESS COME TO TRIAL FROM THE SANFRANCISCO COUNTY JAIL AND TESTIFY AGAINST PLAINTIFF.

37). AND FINALLY DEFENDANT DOUGHERTY. KNEW THE SAN JOSE POLICE SENT AN INFORMANT LARRY MEJIA TO SET PLAINTIFF UP TO BE ARRESTED.

AND DID NOT DISCLOSE THIS INFORMATION TO THE DEFENSE OR TO THE JURY.

4TH CAUSE OF ACTION
PROSECUTION MISCONDUCT

38). DEFENDANT DOLORES CARR, IS THE DISTRICT ATTORNEY FOR SANTACLARA COUNTY. WHILE SHE WAS NOT THERE AT THE TIME OF HIS TRIAL AND CONVICTION IN THAT POSITION, SHE HAS ASSUMED THE DISTRICT ATTORNEY POSITION. AND SO IS LIABLE AS A SUPERVISOR.

39). PLAINTIFF WROTE REQUESTING FROM THE DISTRICT ATTORNEY'S OFFICE COPIES OF ALL POLICE REPORTS, AND MOST IMPORTANT COPIES OF THE TAPES, SO THAT HE COULD USE THIS IN A POST CONVICTION APPEAL TO SHOW THAT THEY CONVICTED PLAINTIFF USING FALSE AND TAINTED EVIDENCE. SEE EXHIBIT __B__ dated __4-27-07__.

40). THE DISTRICT ATTORNEY'S OFFICE RESPONDED BY DENYING THE REQUEST AS CAN BE SEEN IN THE ATTACHED EXHIBIT __B__, dated __4-27-07__.

41). PLAINTIFF HAS BEEN ATTEMPTING TO OBTAIN THIS INFORMATION FROM HIS TRIAL ATTORNEY, THE COURTS, AND NOW THE POLICE AND PROSECUTION. HE WOULD OF DONE THIS EARLIER BUT DIDN'T KNEW HE COULD REQUEST IT FROM THEM.

42). IT WASN'T UNTIL AN ATTORNEY TONY SERRA EXPLAINED TO PLAINTIFF THAT THE POLICE AND PROSECUTION HAVE ALL THE FILES, THAT I COULD ASK THEM. SEE EXHIBIT __C__. dated __1-2-07__

43). PLAINTIFF AGAIN WROTE TO THE DISTRICT ATTORNEY'S OFFICE AGAIN REQUESTING IF THEY CAN NOT PROVIDE THE INFORMATION, TO EXPLAIN HOW PLAINTIFF CAN GO ABOUT OBTAINING IT. THIS REQUEST WAS ALSO DENIED. SEE EXHIBIT __B__. dated __4-27-07__.

5TH CAUSE OF ACTION
POLICE MISCONDUCT AND
DUE PROCESS VIOLATION.

44). DEFENDANT ROBERT L. DAVIS, IS THE CHIEF OF POLICE FOR SANTA CLARA COUNTY. AND WHILE HE WAS NOT THE CHIEF OF POLICE AT THE TIME OF HIS ARREST, HE IS THE SUPERVISER OF THE SAN JOSE POLICE AND RECORDS DIVISION.

45). ON 11-21-06 PLAINTIFF WROTE A REQUEST UNDER THE PUBLIC RECORDS ACT, ASKING THAT THE POLICE ALLOW PLAINTIFF ACCESS TO THE RECORDS, BUT MOST IMPORTANT TO THE TAPE RECORDED EVIDENCE PERTAINING TO HIS ARREST AND CONVICTION.

46). ON 4-26-07 THE SAN JOSE POLICE DEPARTMENT RESPONDED AND DENIED THE REQUEST CLAIMING THEY HAD TURNED OVER ALL DISCOVERY AT THE TIME TO HIS TRIAL ATTORNEY. SEE EXHIBIT D_ dATED 4-26-07.

47). PLAINTIFF'S TRIAL ATTORNEY SAID HE THREW AWAY ALL THE FILES YEARS AGO, SO THERE'S NO WAY THAT PLAINTIFF CAN RECOVER THEM.

48). BUT THE POLICE DEPARTMENT HAS THE ORIGINAL COPIES OF ALL EVIDENCE COLLECTED IN THEIR RECORDS OR EVIDENCE LOCKER.

49). PLAINTIFF HAS ATTEMPTED TO FILE HABEAS CORPUS PETITIONS WITHOUT THE SUPPORTING MATERIALS TO MAKE HIS CASE, BUT ALL THOSE ATTEMPTS HAVE PROVED TO BE FUTILE, WITHOUT THE EVIDENCE PLAINTIFF IS MAKING UNSUPPORTED ACCUSATIONS AND CLAIMS, AS THE SUPERIOR COURT'S HAVE SAID.

50). PLAINTIFF WHEN HE LEARNED THAT SAN JOSE POLICE SENT INFORMANT LARRY MEJIA IN 1983 TO SET HIM UP TO BE ARRESTED,

51). PLAINTIFF REALIZES THAT THIS MATERIAL WAS NEVER disclosed TO PLAINTIFF BEFORE OR during HIS TRIAL.

52). THE FAILURE TO disCLOSE THE FACT THAT POLICE WERE GOING TO EXTREMES IN ORDER TO HAVE PLAINTIFF ARRESTED TO GET HIM OFF THE STREETS. VIOLATED PLAINTIFF'S RIGHTS UNDER THE FEDERAL CONSTITUTIONS DUE PROCESS CLAUSE. THAT GUARANTEE'S A FAIR TRIAL.

### 6TH CAUSE OF ACTION
### EQUAL PROTECTION

53). PLAINTIFF HAS BEEN HELD IN THE SEGREGATION UNIT SINCE HIS ARREST AND CONVICTION IN 1984 - 1986. TO THE PRESENT.

54). IN 1986 HE WAS IN THE W-WING SEGREGATION STRIP CELLS. WHEN TRANSFERRED THEY THREW AWAY ALL HIS LEGAL MATERIALS.

55). PLAINTIFF FILED AN INMATE GRIEVANCE IN ATTEMPT TO RECOVER ALL HIS PROPERTY BUT WAS UNSUCCESSFUL.

ACCORDING TO PRISON OFFICIALS HE NEVER HAD ANY PROPERTY.

56). PLAINTIFF SIGNED A PROPERTY RECIEPT FOR ALL HIS LEGAL MATERIALS SO KNOWS THERE IS A RECORD OF IT SOME WHERE.

57). BECAUSE OF PLAINTIFF'S HOUSING STATUS HE HAS NEVER BEEN ABLE TO PROPERLY FILE FOR POST CONVICTION RELIEF. BECAUSE HE WAS NOT ABLE TO HAVE ACCESS TO LAW BOOKS AND LEGAL ASSISTANCE. AND WITHOUT THE MATERIAL EVIDENCE COULD NOT PURSUADE THE COURTS TO HEAR HIS CASE.

I DECLARE UNDER PENALTY OF PERJURY THE FOLLOWING IS TRUE AND CORRECT.

RESPECTFULLY SUBMITTED.

PRO-SE

DATED: 5/13/08

LEGAL CLAIMS

## V.

58). PLAINTIFF PABLO PIÑA REALLEGES AND INCORPORATES BY REFERENCE PARAGRAPH
1 THROUGH 57,

59). THE DEFENDANTS CONTINUED DENIAL TO PLAINTIFF HAVING ACCESS TO THE EVIDENCE
THAT WAS KEPT FROM THE JURY. VIOLATES THE FOURTEENTH AMENDMENT OF THE UNITED
STATES CONSTITUTION.

BY DEPRIVING PLAINTIFF THE RIGHT TO PRESENT ALL EVIDENCE TO A JURY. NOT JUST THE
EVIDENCE THAT THE PROSECUTION WANTS THE JURY TO HEAR.

60) PLAINTIFF HAS BEEN PREVENTED FROM PROPERLY SEEKING POST CONVICTION RELIEF BECAUSE
HE COULD NOT SUPPORT HIS ALLEGATIONS,

BUT BECAUSE THE POLICE AND THE PROSECUTION FAILED TO TURN OVER THE EVIDENCE
THAT POLICE HAD CONSPIRED WITH INFORMANT LARRY MEJIA PRIOR TO PLAINTIFF'S ARREST
TO SET PLAINTIFF UP TO BE ARRESTED,

CONSTITUTES A DUE PROCESS VIOLATION UNDER BRADY V. MARYLAND. THE LAND MARK CASE
REGARDING DISCLOSURE,

AND THEY FURTHER FAILED TO DISCLOSE THAT THEY INFACT MADE DEALS WITH WITNESSES THAT
IF THEY TESTIFIED AGAINST PLAINTIFF THEY WOULD GET LIGHTER SENTENCES. ANOTHER DUE
PROCESS VIOLATION AND BRADY CLAIM.

61) THIS EVIDENCE AND MATERIAL IS CRUCIAL IN PLAINTIFF'S DEFENSE AND CAN TIP THE SCALES
IN HIS FAVOR WHEN ASKING A FEDERAL COURT TO REVIEW HIS CLAIMS FOR A LEGAL
BY PASS OF A PROCEDURAL DEFAULT.

62). PLAINTIFF HAS NO PLAIN OR ADEQUATE REMEDY AT LAW TO CORRECT THE DEPRIVATIONS
DESCRIBED HERE.

PLAINTIFF HAS AND WILL CONTINUE TO SUFFER IRREPARABLE INJURY BY THE DUE PROCESS
VIOLATIONS IF ALLOWED TO CONTINUE. UNLESS THIS COURT GRANTS DECLARATORY RELIEF.

## VI.

## PRAYER FOR RELIEF

63). WHEREFORE PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER A JUDGEMENT GRANTING PLAINTIFF;

1). DECLARING THAT THE DEFENDANTS ACTS AND PROCEDURES AND PRACTICES DESCRIBED VIOLATE THE PLAINTIFF'S CONSTITUTIONAL RIGHTS.

2). THAT DEFENDANTS AND OR THEIR SUCCESSORS BE ORDERED TO TURN OVER THE COPIES OF THE TAPES AND POLICE INVESTIGION REPORTS, AND ALL INFORMATION THAT PERTAINS TO INFORMANT LARRY MEJIA'S DEAL WITH POLICE TO SET PLAINTIFF UP. ALSO ALL INFORMANT DEALS MADE WITH CAROL OSWALD, OR ANY OTHER WITNESSES WHO GAVE INFORMATION RELATED TO PLAINTIFF.

3). IT SHOULD BE MADE CLEAR THAT PLAINTIFF IS NOT SEEKING MONETARY COMPESATION FOR THIS CIVIL SUIT, AGAINST ANY OF THE DEFENDANTS.

4). PLAINTIFF IS ALSO NOT ASKING THAT THIS COURT RELEASE HIM OR CONSIDER WHETHER HE IS INNOCENT OR GUILTY.

5). TRIAL BY EITHER THE COURT OR A PANEL OF JURORS.

6). AND ANY OTHER RELIEF THAT THIS COURT MAY DEEM ADEQUATE AND LEGALLY REQUIRED UNDER THE LAW.

RESPECTFULLY SUBMITTED.

Pablo Luna
PRO-SE

DATE: 5/18/08

## VERIFICATION

I PABLO PIÑA D-28079. HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO THE MATTERS ALLEGED ON INFORMATION AND BELIEF, AND AS TO THOSE I BELIEVE THEM TO BE TRUE.

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION.

RESPECTFULLY SUBMITTED.

Pablo Piña
PRO-SE

DATED: 5/18/08

MEMORANDUM OF POINTS
AND AUTHORITIES.

PLAINTIFF ALLEGES THAT THE FAILURE BY THE SANTA CLARA COUNTY DISTRICT ATTORNEY'S
OFFICE TO TURN MATERIAL EVIDENCE OVER TO PLAINTIFF VIOLATES HIS FEDERAL CONSTIT-
UTIONAL RIGHTS. DEPRIVING HIM OF HIS DUE PROCESS RIGHTS TO HAVE THE DISTRICT
ATTORNEY'S OFFICE disclose ALL EVIDENCE IN IT'S POSSESSION TO THE DEFENDANT.
THE CONTINUED DENIAL VIOLATES THE FIRST, SIXTH, EIGHTH, AND FOURTEENTH
AMENDMENTS. EVEN THOUGH THE TRIAL HAS LONG SINCE BEEN HELD HE STILL HAS A
RIGHT TO ALL EVIDENCE USED AND NOT USED IN HIS TRIAL.

ARGUMENT I.

IN 1984 PLAINTIFF WAS ARRESTED FOR MURDER BY THE SANTA CLARA COUNTY POLICE DEPART-
MENT, DUE MOSTLY IN PART TO ACCUSATIONS FROM WITNESSES THAT WERE SO INTOXIC-
ATED AND UNDER THE INFLUENCE OF P.C.P ONE OF THE MOST POWERFUL ANIMAL
TRANQUILIZERS KNOWN TO MAN.

POLICE INTERVIEWED THESE WITNESSES WHO COULDN'T REMEMBER MUCH OF ANYTHING
LET ALONE THE NIGHT OF THE MURDER.
WHEN POLICE ASKED THEM IF THEY WERE UNDER THE INFLUENCE THEY SAID THEY WERE.

THE WITNESSES GAVE CONFLICTING STATEMENTS. TO POLICE CAROL OSWALD ORIGINALLY
ACCUSED PLAINTIFF OF KILLING HER RAPISTS. AND BEGAN TELLING POLICE A STORY
WHICH WAS UNRELATED TO THE CRIME THAT HE WAS CONVICTED OF, INOTHER WORDS
THE WRONG MURDER, SHE WAS OBVIOUSLY MAKING UP A STORY.

THE POLICE SEEING THIS QUICKLY SAID THEY'D HAVE TO INTERVIEW HER LATER AS
SHE WAS UNDER THE INFLUENCE.

THE POLICE KNEW THAT THEY HAD NO PROBABLE CAUSE TO ARREST PLAINTIFF, BUT
WANTED PLAINTIFF OFF THE STREETS. AND MADE A CASE AGAINST HIM. SEE GERSTEIN,
420 U.S. AT 113.

IN ANOTHER INTERVIEW POLICE SPOKE TO HENRIETTA CRUZ WHO WHEN ASKED ABOUT
PLAINTIFF SHE ASKED THEM "WHO IS THAT?"

TELLING POLICE OVER AND OVER AGAIN THAT SHE DON'T KNOW PLAINTIFF OR EVER SAW HIM THE NIGHT OF THE MURDER.

THEN IN ANOTHER TAPED INTERVIEW POLICE INTERVIEWED VELLA BASTARDO WHO TOLD THEM SHE DIDN'T SEE PLAINTIFF THAT NIGHT, AND LATER THAT SHE WAS ASLEEP IN A CAR AND SAW NOTHING OR HEARD NOTHING.

THE POLICE KNEW THAT THEY HAD NOTHING THAT WOULD HOLD UP IN A JURY TRIAL IF THE TAPES WERE PRESENTED.

AND WHICH IS WHY THEY ARE REFUSING TO TURN THE EVIDENCE OVER TO PLAINTIFF, EVEN THOUGH PLAINTIFF HAS OFFERED TO PAY FOR THE TAPES AND EVIDENCE. SEE EXHIBIT 2.

THE POLICE HAVE BEEN TRYING TO GET PLAINTIFF ARRESTED BY USING INFORMANTS TO SET HIM UP. THIS CAME OUT IN ANOTHER CASE WHERE ROBERT LOPEZ, AND OTHERS WERE ARRESTED, SEE THE DECLARATION BY LOPEZ EXHIBIT __F__. DATED 5/8/08

IN OSBORNE V. DISTRICT ATTORNEY'S OFFICE, 423 F3d 1050 (CA.9 (ALASKA) 2005). THE COURT SAID ON PG.3 (B) OSBORNE'S CLAIM. "THE STATE ARGUES THAT OSBORNE SEEKS TO USE § 1983 AS A DISCOVERY DEVICE FOR A LATER HABEAS PETITION, AND THAT ALLOWING HIM TO DO SO WOULD CIRCUMVENT HABEAS PROCEDURAL REQUIREMENTS AND UNDERMINE THE PRINCIPLES OF COMITY AND FEDERALISM THAT HECK PROTECTS. IT SUGGESTS THAT OSBORNE READS HECKS' "NECESSARILY IMPLIES" LANGUAGE TOO NARROWLY, AND THAT IT IS ENOUGH IF - AS THE DISTRICT COURT WAS PERSUADED · THE § 1983 ACTION SEEKS TO "FACILITATE" OR "SET THE STAGE" FOR AN ATTACK ON A CONVICTION IN A LATER PROCEEDING. PUT SIMPLY, THE STATE CONTENDS THAT IF A CLAIM CAN BE BROUGHT IN HABEAS, IT MUST BE BROUGHT IN HABEAS. AFTER SOME DISCUSSION.

OSBORNE ARGUES THAT THE APPROPRIATE QUESTION UNDER HECK V. HUMPHREY, 512 U.S. AT 487, 114 S.-CT. 2364, IS NOT WHETHER HE SEEKS TO "SET THE STAGE" TO ATTACK HIS HIS UNDERLYING CONVICTION, BUT RATHER WHETHER SUCCESS ON HIS § 1983 CLAIM

"NECESSARILY IMPLIES" THE INVALIDITY OF HIS CONVICTION. THIS QUESTION MUST BE ANSWERED IN THE NEGATIVE, HE SUBMITS, BECAUSE SUCCESS ON HIS § 1983 CLAIM ONLY GUARANTEES ACCESS TO DNA EVIDENCE. THOUGH HE CONCEDES THAT HE ULTIMATELY HOPES TO ESTABLISH HIS INNOCENCE, HE POINTED OUT THAT ADDITIONAL DNA TESTING MAY INCULPATE HIM, EXCULPATE HIM, OR BE INCONCLUSIVE. AND EVEN IF THE TESTING EXONERATES HIM, RELEASE WOULD COME THROUGH AN ENTIRELY DIFFERENT PROCEEDING, EITHER HABEAS OR CLEMENCY.

AND SO OSBORNE SUGGESTED THE COURT ADOPT THE REASONING OF THE ELEVENTH CIRCUIT IN BRADLEY V. PRYOR. 305 F3d. 1287, 1288 (11TH CIRC. 2002), CERT. DENIED, 538 U.S. 999, 123 S.CT. 1909. 155 LED. 2d. 826 (2003).

THE NINTH CIRCUIT AGREED WITH OSBORNE AND JOINED THE ELEVENTH CIRCUIT IN HOLDING THAT HECK DOES NOT BAR A PRISONERS § 1983 ACTION SEEKING POSTCONVICTION ACCESS TO BIOLOGICAL EVIDENCE IN THE GOVERNMENTS POSSESSION. THE NINTH CIRCUIT ALSO SAID IT'S CLEAR AS A MATTER OF LOGIC, THAT SUCCESS IN SUCH AN ACTION WOULD NOT "NECESSARILY DEMONSTRATE THE INVALIDITY OF CONFINEMENT OR IT'S DURATION." DOTSON, 125 S.CT. AT 1248, FIRST, SUCCESS WOULD YIELD ONLY ACCESS TO THE EVIDENCE - NOTHING MORE. SEE BRADLEY, 305. F3d. AT 1290. "A PRISONER PREVAILS IN THIS LAWSUIT ONCE HE HAS ACCESS TO THAT EVIDENCE OR AN ACCOUNTING FOR ITS ABSENCE. SECOND, FURTHER DNA ANALYSIS MAY PROVE EXCULPATORY, INCULPATORY, OR INCONCLUSIVE; THUS THERE IS A SIGNIFICANT CHANCE THAT THE RESULTS WILL EITHER CONFIRM OR HAVE NO EFFECT ON THE VALIDITY OF OSBORNE'S CONFINEMENT.

## ARGUMENT II.

THE PROSECUTION HAD THE INFORMATION AT ITS DISPOSAL. THEY HAD TO HAVE LISTENED TO THE TAPED INTERVIEWS AND KNEW THAT THEY COULDN'T MAKE A CASE, IF THEY USED THAT INFORMATION. SEE, COUNTY OF RIVERSIDE V. MC LAUGHLIN, 500 U.S. 44, 56 (1991). AND WILLIAMS V. TAYLOR, 529 U.S. 362 (2000).

SO INSTEAD THE PROSECUTION RELIED ON PERJURED TESTIMONY, TESTIMONY WHICH CONTRADICTED WHAT THE WITNESSES SAID TO THE POLICE ORIGINALLY.

PLAINTIFF KNOWS THAT IF THOSE TAPES AND OTHER INFORMATION KEPT FROM PLAINTIFF AND THE JURY, THE JURY WOULD NEVER OF FOUND HIM GUILTY.
PLAINTIFF'S TRIAL COUNSEL SAID THE JUDGE WOULD NOT ALLOW THE TAPES, AND IF THEY WERE THE PROSECUTION WOULD MAKE SURE PLAINTIFF'S GANG STATUS WAS PUT IN FRONT OF THE JURY. SEE AFFIDAVIT EXHIBIT _E_ dated 2-14-07.

THE PROSECUTION USED THE TESTIMONY OF THE WITNESSES WHO WERE THEMSELVES CHARGED WITH THIS CRIME. WHEN THE WITNESSES WERE ASKED IF THEY WERE GIVEN ANY DEALS. THEY ALL SAID NO. YET THEY WERE TOLD THEY'D TESTIFY FIRST AT PLAINTIFF'S TRIAL THEN BE SENTENCED TO ONE YEAR COUNTY JAIL TIME AND PROBATION. THE PROSECUTION FAILED TO DISCLOSE THAT THEY HAD INFACT MADE DEALS WITH THE WITNESSES.

THE PROSECUTION ALSO HAD INFORMATION THAT POLICE HAD ARRESTED A PERSON NAMED LARRY MEJIA FOR ARMED ROBBERY. AND OFFERED HIM A DEAL, THAT IF HE WOULD GO OUT AND SET PLAINTIFF UP FOR POLICE TO ARREST THEY WOULD RECOMMEND COUNTY JAIL TIME.

THE PROSECUTION'S FAILURE TO DISCLOSE THIS INFORMATION TO THE PLAINTIFF VIOLATES HIS RIGHT TO DUE PROCESS UNDER THE FEDERAL CONSTITUTION'S FOURTEENTH AMENDMENT. AND UNDER UNITED STATES SUPREME COURT DECISION IN BRADY V. MARYLAND, 373 U.S. 83, 10 led. 2d. 215, 83 S.CT. 1194 (1963). And Also U.S. V. AGUES, 427 US. 97, 96 S.CT. 2392, 49 LEd 2d. 342 (1976).

ARGUMENT III.

PLAINTIFF WROTE TO THE DISTRICT ATTORNEY'S OFFICE AND THE SAN JOSE POLICE DEPART-MENT REQUESTING COPIES OF THE EVIDENCE AFTER BEING TOLD BY AN ATTORNEY TONY SERRA THAT THEY HAVE IT AND PLAINTIFF SHOULD WRITE TO THEM AND ASK FOR IT. SEE EXHIBIT C .

BEFORE THIS PLAINTIFF DID NOT KNOW THAT HE COULD REQUEST IT FROM THEM. SO HE WOULD REQUEST IT FROM THE COURTS. BY WAY OF HABEAS PETITIONS.

AFTER BEING TOLD BY THE ATTORNEY TO REQUEST IT FROM THE PROSECUTION. PLAINTIFF WROTE TO BOTH THE DISTRICT ATTORNEY'S OFFICE AND TO THE SAN JOSE POLICE DEPARTMENT. SEE EXHIBITS D AND 11-06 .

THE DISTRICT ATTORNEY DENIED PLAINTIFF'S REQUESTS UNDER THE PUBLIC RECORDS ACT. AND OFFER TO PURCHASE THE TAPES.

THE SAN JOSE POLICE CHIEF ROBERT DAVIS ALSO REFUSED TO TURN OVER THE EVIDENCE OR TO TELL PLAINTIFF HOW HE CAN OBTAIN THIS EVIDENCE. CLAIMING THAT THEY HAD TURNED IT OVER TO DEFENSE COUNSEL IN 1984.

WHILE THAT MAY BE TRUE, PLAINTIFF IS ASKING FOR THE EVIDENCE BECAUSE HE HAS A RIGHT TO IT, WHETHER IT BE GIVEN TO HIM OR SOLD TO HIM. HE HAS A RIGHT TO THE MATERIAL POLICE HAVE IN THEIR FILES PERTAINING TO HIS ARREST AND THEIR INVESTIGATIONS AND DEALS WITH INFORMANTS. TO BASICALLY ENTRAP THE PLAINTIFF.

THE PLAINTIFF HAS NOT BEEN ABLE TO PROPERLY RAISE A CLAIM WITHOUT THIS EVIDENCE AND MATERIAL. AND THE CONTINUED DENIAL DENIES HIM OF A RIGHT TO A FAIR TRIAL AND THE ABILITY TO PRESENT ALL THE EVIDENCE TO A JURY. SEE SCHLUP V. DELO, 513 U.S. 298 (1995).

## ARGUMENT IV.

PLAINTIFF CONTENDS THAT DISTRICT ATTORNEY ALLAN NUDLEMAN, WHO WAS A SUPER-VISOR FOR THE DISTRICT ATTORNEY'S OFFICE AT THE TIME OF HIS ARREST, AND WHO WAS LATER ARRESTED HIMSELF FOR RECIEVING STOLEN PROPERTY, WHEN HE WAS BUYING STOLEN ANTIQUES FROM AN EX-CONVICT.

PLAINTIFF KNOWS THAT NUDLEMAN HAD USED CAREL OSWALD IN A TRIAL TO CONVICT INDIVIDUALS RIGHT BEFORE PLAINTIFF WAS RELEASED FROM PRISON. HE KNEW OSWALD WAS AN INFORMANT AND did NOT disclose THIS TO DEFENSE.

PLAINTIFF ALLEGES THAT IT WAS NUDLEMAN WHO ORCHESTRATED THE DEAL FOR OSWALD AND THE OTHER WITNESSES SO THEY could CONVICT PLAINTIFF. ALL THE INFORMATION PERTAINING TO THE WITNESSES WAS NEVER disclosed TO PLAINTIFF, OR DEFENSE COUNSEL.

PLAINTIFF FURTHER ALLEGES THAT BECAUSE NUDLEMAN WAS A SUPERVISING DEPUTY DISTRICT ATTORNEY HE HAD TO OF KNOWN, AND OR APPROVED THE ACTIONS OF THE SAN JOSE POLICE TO SEND INFORMANT LARRY MEJIA OUT TO SET PLAINTIFF UP FOR ARREST, AND IF NOT HE MUST OF READ THE POLICE REPORTS.

BUT NONE OF THIS INFORMATION WAS disclosed TO PLAINTIFF OR HIS TRIAL COUNSEL, AND IS A VIOLATION OF PLAINTIFF CONSTITUTIONAL RIGHT TO HAVE A FAIR TRIAL, AND TO PRESENT ALL THE STATES EVIDENCE TO A JURY. SEE HOLMES V. SOUTH CAROLINA, 126 S.CT. 7272 (2006).
AS IT IS THE PROSECUTION HAD PREPARED IT'S CASE AND THEORIES TO THE JURY BUT ONLY PRESENTED THE EVIDENCE WHICH SUPPORTED ITS CASE. AND MADE SURE THE PLAINTIFF WENT TO TRIAL EMPTY HANDED.

PLAINTIFF SEEKS ACCESS TO THE FORMER DISTRICT ATTORNEY'S FILES AND RECORDS PERTAINING TO HIS ARREST AND CONVICTION.

CONCLUSION

PLAINTIFF HAS REQUESTED THE TAPED EVIDENCE AND POLICE REPORTS, TRANSCRIPTS FROM THE DEFENDANTS. AND HIS TRIAL COUNSEL AND THE COURTS. FROM ABOUT THE TIME OF HIS CONVICTION.

PLAINTIFF MAY NOT HAVE WROTE PROPER REQUESTS AS AN ATTORNEY MAY HAVE OR WENT ABOUT ASKING THE RIGHT PEOPLE.

BUT THATS BECAUSE HE DIDN'T KNOW WHO TO ASK. OR WHERE TO GO FOR THIS INFORMATION, BUT PLAINTIFF HAS BEEN AS DILIGENT AS HE REASONABLY COULD BE, WITHOUT HAVING ANY LEGAL KNOWLEDGE OF HOW TO GO ABOUT DOING THIS.

PLAINTIFF IS NOT SEEKING MONEY DAMAGES FROM ANY OF THE DEFENDANTS IN ANY FORM. ALL HE IS ASKING FOR IS THAT THEY PROVIDE HIM WITH COPIES OF THE COMPLETE FILE PERTAINING TO HIS ARREST, CONVICTION, AND ALL DEALS MADE WITH INFORMANTS.

AND ASKS THAT AS IN OSBORNE'S 1983 CIVIL SUIT HE SHOULD ALSO BE ALLOWED TO HAVE HIS § 1983 PROCEED AND IF SUCCESSFUL BE GIVEN ACCESS TO THE EVIDENCE WHICH HE WAS DENIED FOR THE PAST 24 YEARS.

I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

RESPECTFULLY SUBMITTED

( Pablo Tuia

PRO - SE

DATED: 5/18/08

——— EXHIBITS · ———

**OTHER SENTENCE CHOICE** FORM CR 291

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

BRANCH CRIMINAL COURT #5

COURT I.D.: 4 3

CASE NUMBER(S) 93070 -A

PEOPLE OF THE STATE OF CALIFORNIA versus [X] PRESENT

DEFENDANT: PABLO PINA    [ ] NOT PRESENT

AKA:

REPORT TO JUDICIAL COUNCIL OF: [X] INDETERMINATE SENTENCE TO STATE PRISON [ ] SENTENCE CHOICE OTHER THAN STATE PRISON    -D    -E

FILMED

| DATE OF HEARING | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| (MO) 4 (DAY) 7 (YR) 86 | 5 | HON. PAUL R. TEILH | J. D. MEDINA |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| M. R. PRIBBLE | J. DOUGHERTY | N. CHRISTIANSEN | NONE |

1. Defendant was convicted of the commission of the following felonies:
   A. [ ] Additional counts are listed on attachment _____

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO. DAY YEAR | CONVICTION BY JURY / COURT TRIAL / PLEA | 654 STAY | 12022(A) | 12022(B) | 12022.3(A) | 12022.3(B) | 12022.5 | 12022.6(A) | 12022.6(B) | 12022.7 | 12022.8 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 187* | 1st Deg. Murder | 84 | 3 17 86 | X | | | | | | | | X | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |

2. A. Number of prior prison terms charged and found

| SECTION | NUMBER |
|---|---|
| 667/1192.7 PC | 2 |
| 667.5(b) | 1 |
| 667.6(b) | |

B: Number of prior felony convictions

| SECTION | NUMBER |
|---|---|
| 667.6(a) | |

3. [ ] Defendant was sentenced to death on counts _____ , _____ , _____ , _____ , _____ .

4. [ ] Defendant was sentenced to State Prison:
   A. [X] For life, or a term such as 15 or 25 years to life, with possibility of parole, on counts 1 , _____ , _____ , _____ , _____ .
   B. [ ] For life without the possibility of parole on counts _____ , _____ , _____ , _____ , _____ .
   C. [ ] For other term prescribed by law on counts _____ , _____ , _____ , _____ , _____ .

5. [ ] Counts _____ , _____ , _____ , _____ , were deemed misdemeanors.
   A. [ ] Defendant sentenced to _____ days in county jail for all counts.
       NUMBER
   B. [ ] Defendant fined in sum of $ _____

6. [ ] For counts _____ , _____ , _____ , _____ , the defendant was placed on probation for _____ years.
   A. (1) [ ] Sentence pronounced and execution of sentence was suspended; or
      (2) [ ] Imposition of sentence was suspended.
   B. Conditions of probation included [ ] Jail Time _____ days [ ] Fine

7. Other dispositions **Defendant pay a restitution-fine of $100.00**
   A. [ ] Defendant was committed to California Youth Authority.
   B. [ ] Proceedings suspended, and defendant was committed to California Rehabilitation Center.
   C. [ ] Proceedings suspended, and defendant was committed as a Mentally Disordered Sex Offender.
   D. [ ] Proceedings suspended, and defendant was committed as mentally incompetent.
   E. Other (Specify) _____

Probation [X] Formal [ ] Summary is [X] Denied [ ] Granted for _____ years [X] Defendant notified of appeal rights by the Court
[ ] Defendant committed to CYA    [ ] Fine of $ _____ Penalty $ _____    [ ] Work furlough recommended    [ ] Not eligible County parole
[ ] Restitution [ ] Counseling [ ] Submit to search/testing [ ] Other _____
[X] Commit for _____ with credit for time served of 1,165 days    [ ] Sentence stayed to _____
Including: ACTUAL-777 + 4019 PC-388 days

Criminal proceedings having been previously suspended, [ ] Matter stipulated submitted on receipt of reports of doctors
The Court finds defendant [ ] a narcotic addict [ ] in imminent danger of becoming an addict [ ] Insane [ ] incompetent
Defendant is committed to [ ] California Rehabilitation Center under [ ] 3050 W&I Code [ ] 3051 W&I Code
[ ] _____ State Hospital [ ] 1370 PC [ ] 1026 PC
The Court determines that defendant [ ] has [ ] does not have ability to reimburse County for Court appointed counsel in sum of $ _____
On motion of [ ] People [ ] Defendant [ ] Court _____

668

ABSTRACT OF JUDGMENT – COMMITMENT
SINGLE OR CONCURRENT COUNT FOR
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

FORM DSL 290.1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SANTA CLARA**

COURT I.D. **4 3**

BRANCH **CRIMINAL COURTROOM FIVE**

PEOPLE OF THE STATE OF CALIFORNIA          versus

DEFENDANT: **PABLO PINA**                    [X] PRESENT     [ ] NOT PRESENT

AKA:

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT          [ ] AMENDED ABSTRACT

CASE NUMBER **93070**

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 4 . 7 . 86 | 5 | HON. PAUL R. TEILH | J. D. MEDINA |

REPORTER **M. R. PRIBBLE**

COUNSEL FOR PEOPLE **J. DOUGHERTY**

COUNSEL FOR DEFENDANT **N. CHRISTIANSEN**

PROBATION NO. OR PROBATION OFFICER **NONE**

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY:

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION | | CONVICTION BY | | | | TIME IMPOSED | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | MO | DAY YEAR | JURY | COURT TRIAL | PLEA | TERM (L.M.J.) | YEARS | MONTHS |
| 2 | PC | 459* | Burglary-1st Degree | 84 | 3 | 17 86 | X | – | | U | (6 | 0) |

2. ENHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):

| COUNT | 12022(a) | | | 12022(b) | | | 12022.3(a) | | | 12022.3(b) | | | 12022.5 | | | 12022.6(a) | | | 12022.6(b) | | | 12022.7 | | | 12022.8 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I |
| 2 | | | | | | | | | | | | | | | | 1 | | 1 | | | | | | | | | | | | (20) |

3. OTHER ORDERS: Sentence stayed pursuant to Section 654 P.C.

4. A. NUMBER OF PRIOR PRISON TERMS:

| | § | C/F | S | I |
|---|---|---|---|---|
| | § | | | |
| 667.5(a) | | | | |
| 667.5(b) | | | | |
| 667.6(b) | | | | |

B. NUMBER OF PRIOR FELONY CONVICTIONS:

| | § | C/F | S | I |
|---|---|---|---|---|
| | § | | | |
| 667.6(a) | | | | |

5. TIME STAYED § 1170.1(f)  [DOUBLE BASE LIMIT]:

6. TOTAL TERM IMPOSED: →                              (8 . 0)

7. [ ] THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S).

8. EXECUTION OF SENTENCE IMPOSED:

A. [X] AT INITIAL SENTENCING HEARING     B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL     C. [ ] AFTER REVOCATION OF PROBATION     D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT [PC § 1170(d)]

| 9. DATE SENTENCE PRONOUNCED: | | | CREDIT FOR TIME SPENT IN CUSTODY: | TOTAL DAYS | | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS | |
|---|---|---|---|---|---|---|---|---|---|
| MO | DAY | YEAR | | | | | | | |
| 4 | 7 | 86 | | 1,165 | INCLUDING: | 777 | 588 | [ ] DMH | [ ] CDC |

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

[X] FORTHWITH

[ ] INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

[ ] CALIF. INSTITUTION FOR WOMEN — FRONTERA

[ ] OTHER (SPECIFY):

[ ] CALIF. MEDICAL FACILITY — VACAVILLE

[ ] CALIF. INSTITUTION FOR MEN — CHINO

CLERK OF SUPERIOR COURT

*I hereby certify the foregoing to be a correct abstract of the judgment made in this action.*

DEPUTY'S SIGNATURE

DATE **10-30-86**

This form is prescribed pursuant to Penal Code § 1213.5 to satisfy the requirements of Penal Code § 1213 (Abstract of Judgment and Commitment) for determinate sentences under Penal Code § 1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code § 1203c. A copy of the sentencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code § 1203.01. Attachments may be used but must be incorporated by reference.

Form Adopted by the
Judicial Council of California
Effective July 1, 1981

ABSTRACT OF JUDGMENT – COMMITMENT
SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

Pen. C. 12*

EXHIBIT - B

OFFICE OF CLERK.
CLERK ARCHIVES/RECORDS DIVISION (F.O.I.A.)
HALL OF JUSTICE SUPERIOR COURT BLDG.
190 HEDDING STREET
SAN JOSE, CALIF   95113

RE: REQUEST UNDER THE PUBLIC RECORDS ACT.
AND FREEDOM OF INFORMATION ACT.

DEAR CLERK: THIS IS A REQUEST UNDER THE FREEDOM OF INFORMATION ACT 5 U.S.C.
§ 552. AND PUBLIC RECORDS ACT GOV. CODE § 6250 ET. SEQ.

I REQUEST THE FOLLOWING DOCUMENTS CONTAINING THE FOLLOWING INFORMATION. BE
PROVIDED TO ME;

1). THE POLICE REPORTS, PHOTOGRAPHS TAKEN AT TIME OF ARREST FOR CHARGE OF 187 P.C. ON
FEB-21ST 1984, OF MYSELF AND THE POLICE REPORTS OF CAROL OSWALD, HENRIETTA CRUZ.

2). COPIES OF ALL INVESTIGATIVE REPORTS IN DIST. ATTY'S FILES PERTAINING TO THE SAME
P.C. 187 OF JOHN MENDOZA.

3). COPIES OF ALL TAPED INTERVIEWS OF WITNESSES AND ACCOMPLICES PERTAINING TO
THIS SAME CASE P.C. 187 OF JOHN MENDOZA.

4). I'D ALSO LIKE THE POLICE REPORT, INVESTIGATIVE REPORTS ON THE FORMER DISTRICT ATTORN
ALLAN NOODLEMAN. AS WELL AS HIS SENTENCING TRANSCRIPT, I'D ALSO LIKE ANY INFO
IN HIS FILES THAT HAD A RELATION TO MY ARREST, CHARGE, PRETRIAL, OR TRIAL. ANY WRITTE
TYPED, TAPED INTERVIEWS HE MAY OF HAD WITH CAROL OSWALD. HENRIETTA CRUZ. AND ANY
SENTENCE RECOMMENDATIONS HE MAY OF MADE TO THE COURT IN THEIR BEHALF.

IM AWARE THAT I AM ENTITLED TO MAKE THIS REQUEST UNDER THE FREEDOM OF
INFORMATION ACT. SHOULD ANY PORTION OF MY REQUEST BE DENIED I HAVE THE RIGHT
APPEAL AND THE RIGHT TO KNOW WHO EXACTLY MADE THE DECISION TO DENY ME THIS INFO.
AND THE REASONS FOR DENIAL. I AM ALSO AWARE THAT YOU ARE ALLOWED UNDER THE LAW
TO WITHHOLD SOME INFORMATION. IF IT'S EXEMPT YOU MUST NOTIFY WHY IT IS EXEMPT.
AND STILL PROVIDE WHAT EVEN ELSE IS AROUND THAT SUBJECT THAT IS NOT EXEMPT.

IM AWARE THAT UNDER THE (F.O.I.A.) I AM ALLOWED 100 PAGES FREE OF CHARGE. BUT
THIS INFORMATION IS CRUCIAL IN MY APPEALS. AND IM WILLING TO PAY FOR ANY EXCESS
CHARGES. BUT ASK THAT YOU NOTIFY ME IN ADVANCE OF THE COST SO I COULD MAKE
THE ARRANGEMENTS TO PAY.

IM IN PRISON AND NOT ABLE TO PAY ALOT AS IM INDIGENT BUT WILL DO
WHAT I CAN TO COVER THE COSTS.

RESPECTFULLY
PABLO PIÑA

TO: CLERK - ARCHIVES DIVISION.
 SANTA CLARA COUNTY SUPERIOR COURT BLDG.
 SANTA CLARA COUNTY SUPERIOR COURT.

RE: REQUEST UNDER THE PUBLIC RECORDS ACT. AND (F.O.I.A.) 552 (A).

DEAR CLERK.    93070-Pima & Garcia 93042-Oswald & Cruz

I AM MAKING A REQUEST FOR PUBLIC RECORDS UNDER THE PUBLIC RECORDS ACT.
CALIF. GOVERNMENT CODE SECTION 6250 ET. SEQ, FOR THE FOLLOWING
IDENTIFIABLE PUBLIC RECORDS:

1). PUBLIC REPORTS REGARDING MYSELF, CAROL OSWALD, HENRIETTA CRUZ,
RONALD GARCIA, CHARGED SEPARATELY WITH MURDER 1ST 187 PC ON FEB-
21ST 1984. I'd LIKE EACH PERSONS POLICE REPORT. IN MY CASE THEY had
TWO different POLICE RPTS.

2). I'd LIKE COPIES OF ALL PHOTO GRAPHS TAKEN OF ALL AT TIME OF ARREST
AND CHARGED WITH 187 PC IN FEB-21ST 1984.

3). COPIES OF ALL TAPED RECORDINGS OF WITNESSES, ACCOMPLICES AND
CO-DEFENDANTS RECORDED BY POLICE INVESTIGATORS, AND ANY WRITTEN
NOTES, INVESTIGATORY REPORTS, RELATED TO THIS CASE THAT POLICE DEPT. HAS
THAT IS NOT IN POLICE REPORTS. (POLICE DEPT. AND DISTRICT ATTORNEY'S
OFFICE EVIDENCE). IF YOU CAN NOT PROVIDE COPIES EXPLAIN WHY AND WHO
IS IN POSSESSION OF THE TAPES.

4). ALL COPIES OF NEGOTIATED PLEA BARGAINS MADE IN WRITING (TYPE, FOR
ALL WITNESSES AND CO-DEFENDANTS.

5). ALL SENTENCING TRANSCRIPTS OF CAROL OSWALD, AND HENRIETTA
CRUZ.

6). WITNESS VELIA BASTARDO WAS WAITING TO BE SENTENCED FOR DRUG
POSSESSION AND SALES. IT WAS STAYED WHILE SHE TESTIFIED AGAINST ME IN MY
MURDER TRIAL I'd LIKE TO SEE THE SENTENCING TRANSCRIPT.

7). IN ABOUT MARCH OF 1984-1985 BENNY GARCIA, ROBERT LOPEZ, MICHAEL
SALCIDO AND SEVERAL GIRLS WERE CHARGED WITH A MURDER ROBBERY OF
A LIQUOR STORE DURING THEIR DISCOVERY REQUEST IT WAS LEARNED THAT

# County of Santa Clara

Office of the District Attorney

County Government Center, West Wing
70 West Hedding Street
San Jose, California 95110
(408) 299-7400
www.santaclara-da.org



Dolores A. Carr
District Attorney

April 27, 2007

Dear Mr. Pena,

The records that you request are not the proper subject of a Public Records Act request as it calls for materials that would included in the District Attorney's file, if in fact they exist, and would be privileged. Your letter is a request for discovery in a criminal case that has been affirmed on appeal. This District Attorney's Office is not aware of the existence of the evidence that you are asking for nor do we agree with you characterization of the evidence.

Sincerely,

David Tomkins
Assistant District Attorney

6-005

EXHIBIT-C

# PIER 5 LAW OFFICES

A COMMUNITY OF SOLE PRACTITIONERS

ROBERT M. AMPARÁN
GABRIEL S. CASWELL
JAMES J. CLARK
RANDOLPH E. DAAR
OMAR FIGUEROA
SHARI LYNN GREENBERGER
GAYLE GUTEKUNST
CAROLYN M. HAGIN
LAURENCE JEFFREY LICHTER
J. DAVID NICK
VALERIO ROMANO
NEDRA RUÍZ
DIANA SAMUELSON
EAN VIZZI
SARA ZALKIN

506 BROADWAY
SAN FRANCISCO 94133
TELEPHONE YUKON 6-5591
AREA CODE 415
FAX: 421-1331

SECRETARIAL STAFF:
PENELOPE ROSE
STEPHANIE BROWN
YOLANDA SIMMONS

January 2, 2007

Pablo Piña D28079
PO Box 7500
D-4-102
Crescent City CA 95531

Dear Pablo:

The "tapes" and the other pertinent "discovery" should be in the
possession of your lawyer or the D.A. on your case.  Write to
each of them, specifying your requests.  If they do not respond,
you must file a motion in your trial court to have the judge
order the same to be turned over to you.

I cannot help – I do not do post-conviction relief work.  I am a
trial lawyer only.

Sincerely

J. TONY SERRA

sb

EXHIBIT - D

RECORDS CLERK:
POLICE DEPT. ARCHIVES UNIT:
201 W. MISSION ST.
SAN JOSE CALIF 95110

ORIGINAL P.D.
COPY PRES.
NOV-21-06

IN RE: PUBLIC RECORDS ACT REQUEST:

DEAR SIR.

I WROTE TO you WITH A REQUEST FOR PUBLIC RECORDS UNDER THE PUBLIC RECORDS ACT AND GOVERNMENT CODE § 6250 ET.SEQ. BUT WAS NEVER ANSWERED.

I'M NOW MAKING THE REQUEST ONCE AGAIN AS I AM ENTITLED TO THE DOCUMENTS BEING REQUESTED. THE INFORMATION AND DOCUMENTS AND EVIDENCE IS NEEDED FOR MY APPEAL.

I REQUEST THE FOLLOWING:

1). POLICE REPORTS IN CASE # 84-0520082 DATED 2/21/84.

2). THE POLICE FILE ON THE ABOVE CASE, IN ITS ENTIRETY.

3). THE TAPED INTERVIEWS OF ALL WITNESSES, ACCOMPLICES, POTENTIAL WITNESSES THAT POLICE HAVE IN EVIDENCE.

4). A DETAILED INVENTORY OF ALL EVIDENCE ON FILE RELATED TO THE ABOVE CASE.

5). ALL PHOTO GRAPHS OF THOSE CHARGED WITH ABOVE CASE.

6). AND LASTLY THE ARREST REPORT OF FORMER DISTRICT ATTORNEY ALLAN NOODLEMAN FOR BURGLARY AND RECIEVING STOLEN PROPERTY.

I AM APPEALING MY CASE THE REQUESTED INFORMATION IS PART OF THE EVIDENCE I'VE BEEN TRYING TO OBTAIN FOR THE PAST 15 YRS OR MORE, THIS IS NOT FOR PERSONAL USE.

PLEASE ADVISE ME IF THERE IS A FEE FOR THE COPIES, IN ADVANCE AND THE EXACT ITEMS BEING COPIED.

THANK you FOR your TIME.
RESPECTFULLY
PABLO PIÑA

CLERK:
RECORDS DIVISION.
SAN JOSE POLICE DEPT.
P.O. BOX 270
SAN JOSE, CALIF 95103 - 0270

COPY
JANUARY 15TH 07
2ND LETTER MAILED.

INRE: PUBLIC RECORDS ACT. REQUEST:


DEAR SIR.

I'M WRITING TO INQUIRE ABOUT CERTAIN POLICE REPORTS THAT YOU HAVE IN YOUR FILES. AND COPIES OF ALL TAPED INTERVIEWS AND INTERROGATIONS IN THE MURDER ARREST OF MYSELF IN 1984 FEBRUARY 21ST. CASE # C-2438436. AND COURT CASE # 93070.

I'M REQUESTING UNDER THE PUBLIC RECORDS ACT. GOV. CODE SECTION 6250, 6252 SEQ.
THE FOLLOWING DOCUMENTS IN YOUR FILES:

1). COPIES OF ALL RELATED POLICE REPORTS TO THE CASE # C-8438436. AND COURT CASE 93070. WHERE I WAS CHARGED WITH PENAL CODE @ 187.

2). COPIES OF ALL RELATED TAPED INTERVIEWS AND INTERROGATIONS #BY S.J.P.D.


3). COPIES OF ANY AND ALL NOTES IN SJPD FILES RELATED TO THIS CASE.

I'M AWARE THAT THERE COULD BE A FEE FOR COPYING AND SEARCHING FOR THE DOCUMENTS. PLEASE ADVISE ME AS SOON AS YOU GET THE DOCUMENTS HOW MANY PAGES THEY ARE. AND THE COST.

THE INFORMATION BEING SOUGHT IS FOR POST CONVICTION APPEALS. THEY ARE NOT FOR PERSONAL USE. AND BECAUSE THE CASE WAS TRIED BY THE COURTS IT IS ALL PUBLIC RECORD. NOTHING SHOULD BE EXEMPT.

I HOPE YOU WILL RESPOND TO MY REQUEST IN A PROMPT FASHION AS I'M REALLY IN NEED OF THESE DOCUMENTS AND HOPE YOU CAN ASSIST ME WITH LOCATING THEM.

THANK YOU FOR YOUR TIME.
RESPECTFULLY
PABLO PIÑA



*San José Police Department*

April 26, 2007

Pablo Pina #D-28079
Pelican Bay State Prison
P.O. Box 7500 #D-4102
Crescent City, CA 95531

      Re:    Request for Material Evidence and Tape Recorded Interviews
              SJPD Case #84-052--0082

Dear Mr. Pina,

I am in receipt of your letter dated April 12, 2007, in which you requested a copy of material
evidence and tape recorded interviews in reference to San Jose Police Department Case
# 84-052-0082.

If you are seeking police records under the California Public Records Act, the San Jose Police
Department must deny your request because the records you seek are records of a criminal
investigation which are exempt from public disclosure pursuant to California Government Code
Section 6254(f).

Should you have any questions regarding this information, please contact Lt. Laurence Ryan,
Commander, Office of the Chief Research and Development Unit at 408.277.5250 or via email
at Laurence.Ryan@sanjoseca.gov.

                    Sincerely,

                    ROBERT L. DAVIS
                    Chief of Police

                    Lt. Laurence Ryan
                    Research and Development Unit

RLD:LR:PLF



EXHIBIT- E

DECLARATION IN SUPPORT
OF HABEAS CORPUS.

I PABLO PIÑA D-28079, DECLARE UNDER PENALTY OF PERJURY THAT:

1). I AM THE PETITIONER AND SOLE PARTY SEEKING HABEAS CORPUS RELIEF. AND THAT I AM PRESENTLY INCARCERATED AT PELICAN BAY STATE PRISON IN CRESCENT CITY. CALIFORNIA. 95531.

2). FOR THE PAST 19-20 YEARS IVE BEEN TRYING TO OBTAIN SOME EVIDENCE THAT WAS NOT HEARD BY THE JURY. EVIDENCE THAT THE DISTRICT ATTORNEY AND POLICE DEPT. DIDN'T WANT THE JURY TO HEAR.

3). IVE WROTE TO MY TRIAL ATTORNEY TONY CHRISTENSEN AND ASKED HIM FOR HIS FILES ON THIS CASE. AT FIRST HE WOULDN'T ANSWER MY LETTERS. UNTIL YEARS LATER I WROTE TO THE CALIF. BAR ASSOCIATION. AND THEN HE WROTE AND SAID HE HAD THROWN IT ALL AWAY.

4). NOT BEING AN ATTORNEY IVE STRUGGLED TRYING TO FIGURE WHAT I SHOULD DO NEXT. AND WHOM TO ASK FOR COPIES OF MY FILES.

5). AND YES IVE WRITTEN TO ALOT OF LAWYERS ASKING THIS SAME QUESTION. THROUGH OUT THE YEARS. AND THEY SAID TO ASK MY TRIAL LAWYER. THAT HE SHOULD HAVE THEM AND ITS HIS DUTY TO TURN THEM OVER.

6). OBVIOUSLY MY TRIAL LAWYER WASN'T LISTENING WHILE THAT COURSE WAS BEING TAUGHT AT LAW SCHOOL.

7). I HAVE ALWAYS BELIEVED THAT MY TRIAL ATTORNEY INTENTIONALLY CAUSED MY CONVICTION. BUT COULDN'T PROVE IT. NOT UNTIL NOW.

8). BEFORE I WENT ON TRIAL HE KEPT TELLING ME TO PLEAD GUILTY TO MURDER 1ST. BECAUSE HE SAID I HAD NO DEFENSE.

9). BUT HE HAD SOME TAPES THAT PROVED THE WITNESSES WERE LYING, AND I ASKED HIM WHY WE CAN'T USE THOSE TO SHOW THAT THEY'RE LYING. AND HE SAID THEY WOULDN'T BE ALLOWED.

10). I ASKED HIM TO FIND A GIRL I WAS WITH FROM THE WEST SIDE. THAT I WAS WITH ABOUT THE TIME SAID I WAS KILLING THIS INDIVIDUAL. I TOLD MY ATTORNEY THE HOUSE, STREET CORNER, AND CROSS STREET SHE LIVED AT. BUT HE SAID THAT WE HAD TO GO TO TRIAL AND THEY WOULDN'T MAKE ANOTHER CONTINUANCE. HE HAD SEVERAL YEARS TO DO THIS.

11). I FILED TWO MARSDEN MOTIONS TO GET RID OF THAT LAWYER BECAUSE HE KEPT TELLING ME TO PLEAD GUILTY, AND WOULDN'T INVESTIGATE WHAT I TOLD HIM TO. BUT EACH TIME THE JUDGE TOLD ME THAT I'D GET SOMEONE WORSE. AND TALKED ME OUT OF IT.

12). RECENTLY I'VE LEARNED THAT AFTER MY CONVICTION HE NEVER SENT THE COMPLETE FILE OF MY CASE TO THE APPELLATE ATTORNEY. IN A LETTER I WAS TOLD THERE IS NO RECORD OF ANY TAPES BEING SENT TO THEM.

13). WHICH MEANS THAT HE INTENTIONALLY didn't WANT THE APPELLATE LAWYER TO REVIEW THE COMPLETE FILE.

14). PETITIONER NEXT WROTE TO THE COURTS AND DISTRICT ATTORNEYS OFFICE AS WELL AS THE POLICE dept. ASKING THEM FOR COPIES OF HIS FILES. AND THEY ALL REFUSED.

15). THERE IS NO WAY THAT PETITIONER CAN PREPARE AN ADEQUATE PETITION WITH OUT THOSE RECORDS AND TAPED EVIDENCE.

16). IF TRIAL COUNSEL SAID HE THREW IT ALL AWAY. DOES THAT MEAN THAT SOMEONE SEEKING RELIEF SHOULD JUST GIVE UP. IF THERE WAS A VIOLATION OF CONSTITUTIONAL MAGNITUDE, AS WAS DONE IN THIS CASE, THE VIOLATION doesN'T JUST GO AWAY.

17). THE DISTRICT ATTORNEY AND POLICE HAVE THOSE FILES. AND PETITIONER HAS ALLEGED ENOUGH FACTUAL GROUNDS THAT IN ANY OTHER COURT WOULD OF RECIEVED AN ORDER TO SHOW CAUSE. AT THE LEAST.

18). AND AS FAR AS PROCEDURAL BAR'S THOSE HAVE ALREADY BEEN EXPLAINED IN HOUSE V. BELL. SUPRA. U.S. (2006). AND IN HOLMES V. SOUTH CAROLINA. SUPRA. (2006).

19). THE PETITIONER HAS A RIGHT TO DUE PROCESS OF LAW, REGARDLESS IF ITS 20 YEARS LATER.

I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE IS TRUE AND CORRECT.

RESPECTFULLY SUBMITTED

IN PRO - PER

DATED: 2/14/07.

EXHIBIT - F

Robert Lopez
Pelican Bay State Prison.
P.O. Box 7500
Crescentcity, Calif 95531

AFFIDAVIT
FROM - ROBERT LOPEZ

I Robert Lopez declare that:

1). IN 1985 I WAS ARRESTED for a murder and robbery in Santa Clara county.

2). I and DONNIE Garcia, Mike Sauceda, Ezequiel R. Lopez, and others were all charged with this crime.

3). When we all recieved our discovery materials we found that a guy we know, Larry Mejia had Been working for the police and as an informant. who turned us in.

4). But we also learned that Mejia was arrested by San Jose police and was made a deal, if he went out and Set up Piña to be arrested for them, they would recommend no prison time, and Mejia agreed. Mejia not able to set up Piña, decided to turn in Sauceda and the others, Because Piña had already Been arrested on other charges,

5). I was talking to Piña the other day while on the yard and as we talked about People we knew and the Subject of Mejia came up. and we were all in the Jail at the same time,

6). Piña asked me to write up this affidavit for him on this date May 8th 08. and I am willing to testify to this statement at any time.

7). he asked if I still had the police reports or documents with Mejia in It But It was over twenty years ago. I Paroled and came Back to prison again. But it is in the files of the DISTRICT attorney and Police department in San Jose.

I declare under Penalty of Perjury the above is True and correct.

By Robert Lopez

dated 5/8 08